Richard H.
LAUGHINGHOUSE, Plaintiff,

v.

NORTH CAROLINA PORTS RAILWAY COMMISSION, an agency of the State of North Carolina, Defendant.

No. 87–81–CIV–4.

United States District Court,
E.D. North Carolina,
New Bern Division.

Feb. 9, 1988.

**538**

William E. Anderson, Debank, McDaniel, Heidgerd, Holbrook & Anderson, Raleigh, N.C., Thomas R. Ungleich, Hastings & Wright, Miami, Beach, Fla., for plaintiff.

Robert White Johnson, Johnson & Lambeth, Wilmington, N.C., for defendant.

## ORDER

BRITT, Chief Judge.

On 20 January 1988 Magistrate Wallace W. Dixon filed his memorandum and recommendation with regard to the motion by defendant to dismiss. No objections thereto have been filed, and the time within which objections may be made has expired. The court adopts the well-reasoned recommendation of Magistrate Dixon as its own;

and for the reasons set forth in his memorandum, which is attached hereto and incorporated herein by reference, the motion of defendant to dismiss is allowed and this action is hereby dismissed.

## MEMORANDUM AND RECOMMENDATION

Jan. 20, 1988.

WALLACE W. DIXON, United States Magistrate.

■ On January 31, 1985, plaintiff, Richard Laughinghouse, was injured while working as a trainman/shift supervisor for the defendant, North Carolina Ports Railway Commission, in Morehead City. At that time, defendant, an agency of the State of North Carolina, owned and operated a common carrier railway in Morehead City which plaintiff alleges engaged in interstate and foreign commerce. It was during the course of his work for the railway that plaintiff claims he was injured through defendant's negligence. As a result, plaintiff initiated this action on June 3, 1987, seeking $1,000,000.00 in compensatory damages for defendant's negligence under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60.[1] This matter is now before the court on defendant's motion to dismiss plaintiff's complaint for failure to state a cognizable claim for relief. Plaintiff has responded within the time provided by law, and the matter is now ripe for disposition.

■ Broadly stated, the question presented for resolution by defendant's motion is whether the eleventh amendment bars plaintiff's FELA suit against his state

---

1. FELA provides, in pertinent part, that:
    Every common carrier by railroad while engaging in commerce between any of the several states ... shall be liable for damages to any person suffering injury while he is employed by such carrier in such commerce, or, in such case of the death of such employee, to his or her personal representative ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, ma-

chinery, track, roadbed, works, boats, wharves or other equipment.
45 U.S.C. § 51. The FELA was enaced by Congress in 1906 to provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or fellow employees. A primary purpose of the Act was to eliminate a number of traditional state defenses to tort liability and to facilitate recovery in meritorious cases. *Atchison Topeka and Santa Fe Railway Co. v. Buell,* — U.S. —, 107 S.Ct. 1410, 1413–14, 94 L.Ed.2d 563 (1987).

employer in federal court.[2] Disposition of this issue is controlled by the Supreme Court's recent decision in *Welch v. State Department of Highways & Public Transportation*, —— U.S. ——, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). In *Welch*, the Court, in a five-four decision, held that the eleventh amendment bars a state employee from suing the State in federal court under the Jones Act, 46 U.S.C. § 688. *Welch* is relevant to this case because the Jones Act simply applies the remedial provisions of the FELA to seamen. *Id; Welch*, 107 S.Ct. at 2944. In so holding, the Court overruled *in relevant part* its prior decision in *Parden v. Terminal Railway of Alabama State Docks Department*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), which stated that an employee of a state-operated railroad company may bring an action in federal court under the FELA. The *Parden* court had concluded that Alabama had waived its eleventh amendment immunity. *Id.* at 186, 84 S.Ct. at 2410. It reasoned that Congress evidenced an intention to abrogate eleventh amendment immunity simply by making the FELA applicable to "every common carrier by railroad while engaging in commerce between any of the several States...." 45 U.S.C. § 51.

■ However, Justice Powell, writing for the majority in *Welch*, stated that *Parden* was "mistakenly reasoned" when it found the Court "should not presume to say, in the absence of express provision to the contrary that [Congress] intended to exclude a particular group of [railroad] workers from the benefits conferred by the Act." *Welch*, 107 S.Ct. at 2947–48 *quoting Parden*, 377 U.S. at 190, 84 S.Ct. at 1211. Rather, Justice Powell wrote, "the constitutional role of the States sets them apart from other employers and defendants." 107 S.Ct. at 2948. Adopting language from the dissenting opinion in *Parden*, the Court stated that "[o]nly when Congress has clearly considered the problem and expressly declared that any State which undertakes given regulable conduct will be

deemed thereby to have waived its immunity should courts disallow the invocation of this defense." *Id. quoting* 377 U.S. at 198–99, 84 S.Ct. at 1216 (White, J. dissenting). Accordingly, Justice Powell found "no doubt that *Parden*'s discussion of congressional intent to negate eleventh amendment immunity *is no longer good law.*" 107 S.Ct. at 2948. (emphasis added). An unequivocal expression that Congress intended to override eleventh amendment immunity is now required—an expression found in neither the Jones Act nor the FELA. *Id. See also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147–48, 87 L.Ed.2d 171 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984).

In deciding that the eleventh amendment barred *Welch*'s Jones Act claim, the Court explicitly overruled *Parden* "to the extent ... it is inconsistent with the requirement that an abrogation of Eleventh Amendment immunity by Congress must be expressed in unmistakenly clear language." 107 S.Ct. at 2948. There is, therefore, little doubt that *Welch* mandates an eleventh amendment bar to all claims by injured railway workers against employer state agencies in federal court. 107 S.Ct. at 2968 (Brennan, J., dissenting) ("The Court today overrules, in part, *Parden*.... It rejects the holding in *Parden* that Congress evidenced an intention to abrogate Eleventh Amendment immunity [in the introductory language to the FELA]. The Court instead concludes that Congress did not abrogate the sovereign immunity of States, because it did not express this intent in unmistakably clear language.").

Plaintiff, in a creative attempt to keep his claim alive, seizes upon footnote eight of *Welch* to argue that *Welch* is limited to its facts (Jones Act claims) and, therefore, does not expressly extend to the FELA. Footnote eight states, in relevant part, "we have no occasion in this case to consider

---

**2.** The eleventh amendment "bars suits against a State by citizens of that same State." *Papasan v. Allain*, 478 U.S. 265, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986). *See also Hans v. Louisiana*,

134 U.S. 1, 10 S.Ct. 504, 33 L.Ed.2d 842 (1890). "This bar exists whether the relief sought is legal or equitable." *Papasan*, 106 S.Ct. at 2939.

the validity of the additional holding in *Parden,* that Congress has the power to abrogate the States' Eleventh Amendment immunity under the Commerce Clause to the extent that the states are engaged in interstate commerce." Following the seemingly increasing trend towards constitutional jurisprudence by footnote, plaintiff contends that this note expressly reserves for ruling *Parden*'s ultimate holding that under the Commerce Clause, Congress had the authority to enact the FELA without the consent of the states. *Parden,* 377 U.S. at 189–90, 84 S.Ct. at 1211. *Cf. Gibbons v. Ogden,* 9 Wheat. 1, 196–97, 6 L.Ed. 23 (1824). Although the court must admit it was at first puzzled by footnote eight, upon review, it is obvious plaintiff has taken out of context and twisted the meaning of the footnote. To hold as plaintiff desires would require a blind eye be cast upon the express holding of *Welch* as supported by language in Justice Scalia's concurring opinion[3] and the previously quoted language from Justice Brennan's dissenting opinion, *supra* at 539.

The holding in *Parden* answered two distinct inquiries, *to wit:* first, whether Congress, under the Commerce Clause, has the power to abrogate a state's eleventh amendment immunity under any circumstances; and, second, if so, since the FELA was predicated upon Congress' Commerce Clause powers, was the language of the Act sufficient to establish Congressional intent to bar an eleventh amendment defense by state employers. *Parden* answered both questions affirmatively. *Welch,* however, expressly overrules *Parden*'s second holding. 107 S.Ct. at 2947–48. In doing so, the Court decided both the case at bar and for all intents and purposes, this case as well. Having found that both the Jones Act and the FELA fail to contain the necessary "unequivocal expression" of in-

tent to override the eleventh amendment, footnote eight simply amounts to a case-specific assertion of a basic doctrine of constitutional analysis—a federal court will not decide a constitutional issue unless it is absolutely necessary to a determination of the case. Since a reversal of *Parden*'s second holding disposed of Welch's claim, the Court simply assumed, *arguendo,* that the Commerce Clause provides Congress with the authority to subject unconsenting states to suit in federal court. 107 S.Ct. at 2946–47 and fn. 5.

In this context, then, footnote eight leaves reserved for another day reconsideration of *Parden*'s first holding. But, even assuming as *Parden* did, that the Commerce Clause empowers Congress to enact legislation such as the FELA, *Welch* stands for the unambiguous conclusion that the FELA, like the Jones Act, simply fails to establish Congress' clear intention that states waive their immunity under the Act. Under *Welch,* Congress may not require a state to waive *constructively* its eleventh amendment immunity in order to enter a sphere of activity regulated by federal statute, specifically the FELA and the Jones Act. *Collins v. State of Alaska,* 823 F.2d 329, 332 (9th Cir.1987).

Accordingly, although this court finds Justice Brennan's dissenting opinion highly persuasive,[4] it is the dissent and not the law. The holding in *Welch* is clear—*Parden* is overruled and, as such, it follows that an injured railway worker is barred by the eleventh amendment from suing North Carolina in federal district court for claims brought under the FELA. *See Collins,* 823 F.2d at 333.

Based on the aforesaid, it is RECOMMENDED that defendant's motion to dismiss be GRANTED and this action be DIS-

---

**3.** "Thus, although the terms of the Jones Act (through its incorporation of the FELA) apply to all common carriers by water, I do not read them to apply to the States. For the same reason, I do not read the FELA to apply to the States, and therefore agree with the Court that *Parden v. Terminal Railway of Alabama Docks Department,* 377 U.S. 184, 84 S.Ct. 1207, 12

L.Ed.2d 233 (1964) should be overruled." 107 S.Ct. at 2958.

**4.** *See also, Papasan v. Allain,* 106 S.Ct. at 2948 (Brennan, J., concurring in part and dissenting in part); *Green v. Mansour,* 474 U.S. 64, 74, 106 S.Ct. 423, 429, 88 L.Ed.2d 371 (1985) (Brennan, J., dissenting); *Atascadero,* 473 U.S. at 247, 105 S.Ct. at 3150 (Brennan, J., dissenting).

MISSED.[5]

SO RECOMMENDED.

---

**5.** Plaintiff's argument that defendant waived its sovereign immunity in this case by making a general appearance and answering the complaint is without merit. First, this case concerns an eleventh amendment defense which acts as a jurisdictional bar, *not* pure sovereign immunity. Second, the issue involved is one of subject matter jurisdiction, which is not waiveable, not personal jurisdiction, which is.