Robert DYKMAN, Plaintiff,

v.

NEW JERSEY TRANSIT RAIL OPERATIONS, INC., Defendant.

No. 86 Civ. 1915 (DNE).

United States District Court, S.D. New York.

May 23, 1988.

**ORDER**

EDELSTEIN, District Judge:

Upon review of the complaint, it becomes apparent that this court lacks subject matter jurisdiction over the instant Federal Employers' Liability Act (FELA) suit. Accordingly, pursuant to Fed.R.Civ.P. 12(h)(3), this court, *sua sponte*, dismisses the complaint.

The Eleventh Amendment to the United States Constitution bars individuals from bringing suit against the individual United States in federal district court. *See Welch v. Department of Highways & Public Transportation,* —— U.S. ——, 107 S.Ct. 2941, 2949, 97 L.Ed.2d 389 (1987). The individual States' sovereign immunity may be abrogated by a federal statute. Such an abrogation, however, will be found only when the intent of Congress to bring about such a result is expressed in unmistakably clear language.

In *Welch,* the United States Supreme Court held that the text of the Jones Act, as it does not clearly express a Congressional intent to abrogate Eleventh Amendment protection, does not authorize a suit in federal court when the defendant is a State. Although *Welch* was a Jones Act case, in reaching its decision, the Supreme Court stated that prior case law, which had held that the text of the FELA acted to

abrogate Eleventh Amendment protection, "is no longer good law." *Id.* 107 S.Ct. at 2948. In the wake of *Welch,* a number of courts have held that the FELA does not authorize suits against States. *See e.g., Rockwell v. New Jersey Transit Rail Operations Inc.,* 682 F.Supp. 280 (D.N.J. 1988); *Laughinghouse v. North Carolina Ports Railway Commission,* 679 F.Supp. 537 (E.D.N.C.1988); *Fitchik v. New Jersey Transit Rail Operations, Inc.,* 678 F.Supp. 465 (D.N.J.1988). There is, however, apparently no reported decision on this issue within the Second Judicial Circuit. *But see Brotherhood of Locomotive Engineers· v. New Jersey Transit Rail Operations, Inc.,* 608 F.Supp. 1216 (S.D.N.Y.1985) (decided before the *Welch* decision).

▉ In the instant FELA action, the defendant is New Jersey Transit Rail Operations, Inc. It is well settled law that the defendant is an alter ego of the State of New Jersey. *See e.g., Fitchik,* 678 F.Supp. at 466–67; *Brotherhood of Locomotive Engineers v. New Jersey Transit Rail Operations, Inc.,* 608 F.Supp. 1216 (S.D.N.Y. 1985); *Gibson–Homans Co. v. New Jersey Transit Corp.,* 560 F.Supp. 110, 113–14 (D.N.J.1982). Therefore, the defendant may not be sued in federal court absent an abrogation of Eleventh Amendment protection by the FELA. Whereas it is clear that no such abrogation exists in the Act, it is apparent that this court lacks subject matter jurisdiction over the instant action. *See Rockwell,* 682 F.Supp. 280 (D.N.J.1988); *Laughinghouse v. North Carolina Ports Railway Commission,* 679 F.Supp. 537 (E.D.N.C.1988); *Fitchik,* 678 F.Supp. 465 (D.N.J.1988). Under Fed.R.Civ.P. 12(h)(3), the district court is instructed that it "shall dismiss the action" when it appears that the court lacks subject matter jurisdiction. Accordingly, pursuant to Rule 12(h)(3), this court, *sua sponte,* dismisses the instant action.

SO ORDERED.